UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HAMILTON BROWN, | ) | CASE NO. 1:15 CV 1526 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ROBERT LUTTI, Judge, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 3, 2015, Plaintiff *pro se* Hamilton Brown, a Pennsylvania resident, filed this *in forma pauperis* action against Pennsylvania Judge Robert Lutti and seven other defendants, all of whom are located in Pennsylvania.  Plaintiff appears to challenge orders in a Pennsylvania foreclosure action, and alleges he is being "stalked and electronically harassed."  Complaint, p.2. He seeks damages exceeding $3 million.  For the reasons stated below, this action is dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint."  *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in

the pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The

plaintiff is not required to include detailed factual allegations, but must provide more than "an

unadorned, the-defendant-unlawfully-harmed-me accusation."    *Iqbal* , 556 U.S. at 678 (2009).

A pleading that offers legal conclusions or a simple recitation of the elements of a cause of

action will not meet this pleading standard.  *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits.

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  Even construing the

Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924

(6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid

federal claim, or even that there is a arguable basis for this Court's jurisdiction.  This case is

therefore appropriately subject to summary dismissal.  *Apple v. Glenn*, 183 F.3d 477 (6th Cir.

1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court

cases for the proposition that attenuated or unsubstantial claims divest the district court of

jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988)(recognizing that

federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e).  The Court certifies,

pursuant to  28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.

IT IS SO ORDERED.


 */s/Dan Aaron Polster 8/13/15*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

2